(62 South. 933.)

No. 19,702.

RODD v. RECORDER OF MORTGAGES.

(June 30, 1913.)

*(Syllabus by the Court.)*

MORTGAGES (§ 311*)—CANCELLATION OF INSCRIPTION—INDEMNITY BOND.

· In a proceeding against the recorder for the cancellation of a mortgage on the ground that the note, to secure which the mortgage was given, though lost, has been paid, where the evidence shows that, at the end of one year from its date, at which time the note matured, the payment of interest was indorsed upon it, and, by verbal agreement, the payment of the principal was postponed for a year, that the same thing occurred at the end of the second year, after which the note was lost by the original holder, but upon a showing to that effect, and after an advertisement of the loss, the note was paid to him, the mortgagor is entitled to the cancellation of the mortgage from the books of the mortgage office, without giving an indemnity bond to the recorder, since the law (Civ. Code, art. 2279) provides that, in proceedings upon lost instruments, the court "may" require such bond, but not that it *shall* do so, in every case, and the case thus presented, where the instrument, a negotiable promissory note, was lost after the maturity stipulated upon its face, does not appear to be one in which the bond should be required. The holder of the note, to whom payment was made, after the loss, and whose loss of it necessitated this proceeding, should have been made a party defendant and condemned for the costs; but, as he appeared and testified in the case, the omission to make him a formal party to the proceeding may be overlooked. As between the plaintiff and the recorder, however, the plaintiff should pay the costs.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 919–929; Dec. Dig. § 311.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by John E. Rodd against the Recorder of Mortgages. From a judgment directing defendant to cancel an inscription, but requiring plaintiff to execute an indemnity bond as a condition thereto, plaintiff appeals. Modified and affirmed.

W. L. Hughes and H. L. Sarpy, both of New Orleans, for appellant. George Montgomery, of New Orleans, for appellee.

### Statement of the Case.

MONROE, J. Plaintiff ruled the recorder of mortgages to show cause why he should not cancel the inscription of a mortgage which plaintiff had imposed upon certain property owned by him in this parish to secure a note for $7,000 executed by him on October 16, 1909, made payable one year after date to his order and by him indorsed in blank; the allegations of the rule being that the note had been "lost or mislaid while in the hands of John L. Kendall, the last holder thereof." It is not alleged that the note has ever been paid, nor does the petition state whether it was lost before maturity or afterwards. We find it stated, in the note of evidence, that counsel for the recorder, by way of exception, pleaded want of proper parties and, in the event that the exception should be overruled, the general denial. Plaintiff produced a copy of the act of mortgage, executed before J. M. Quintero, notary, October 16, 1909, and testified that he had paid the note, with a certified check dated August 12, 1912, drawn to the order of John L. Kendall, which check was delivered to Mr. W. L. Hughes, then representing Mr. Kendall, and herein appearing as one of the counsel for plaintiff, and which check is referred to as having been exhibited on the trial but was not filed in evidence. Plaintiff also testified that Mr. Kendall was the last holder of the note; that it was renewed at its maturity in 1910 and again in 1911; that some time prior to August, 1911, he was informed that it had

been lost, and in December, 1911, he received written notice to that effect from Mr. Kendall. Mr. Kendall corroborates the testimony of Mr. Rodd and further testifies that he was the last holder of the note; that he thinks "it was lost and probably taken up the following morning in the débris and burned"; that it was duly advertised in the Picayune and Bee; that it was paid by means of the certified check of Mr. Rodd, which was exhibited by and to the witness and which he testifies belongs to him, from which it appears that he has not yet demanded payment of it. Mr. Kendall also testifies that interest was paid on the note at its maturity in October, 1910, and again in October, 1911; that, according to his recollection, the first acknowledgment of the payment of interest was written on the note by him as follows:

"Received from John E. Rodd the sum of $490, interest on this note, due October 16th, 1910"

—to which was added the signature of the witness. He further testifies that a similar acknowledgment was written on the note in October, 1911, by Mr. Rodd and signed by the witness.

The newspapers referred to in the testimony were filed in the record and show that the note was reasonably advertised in December, 1911, and January, 1912.

There was judgment in the district court directing the recorder to cancel the inscription as prayed for upon plaintiff's executing an indemnity bond of $10,000, and plaintiff has appealed because he objects to giving the bond.

### Opinion.

Counsel for the recorder of mortgages has not favored us with any argument, oral or written, and, without his assistance, we have been unable to find any law which would require plaintiff to give an indemnity bond in this case. The Civil Code, art. 2279, provides that, in cases where parties are seeking to recover on lost instruments, the courts "may, if required, order reasonable security to be given to indemnify the party against the appearance of the instrument, in case circumstances render it necessary." And, as the recorder might be held liable in damages for canceling a mortgage without proper authority, we have no doubt that an indemnity bond might be required for his benefit. But the law does not say that such a bond *shall* be required in every case; and in view of the fact that the note in question is shown, by authentic evidence, to be now nearly three years past due, and to have been more than two years past due when it was lost, it does not appear to us that the case is one in which plaintiff ought to be required to give such bond.

We are of opinion that the last holder of the note, whose loss of it has been the cause of the present trouble, should have been made a party defendant and should have been condemned for the costs, concerning which the judgment appealed from is silent. In view, however, of the fact that he testified in the case, the failure to make him a party defendant may be overlooked; but, as between the plaintiff and the recorder, the costs should be paid by plaintiff. It is therefore ordered and decreed that the judgment appealed from be amended by eliminating therefrom the requirement that plaintiff give an indemnity bond, and, as thus amended, affirmed; plaintiff to pay all costs.