FOURNET, Justice.
 

 The Recorder of Mortgages for the Parish of Orleans prosecutes this appeal from a judgment ordering him to cancel and erase from the records of his office a certain mortgage and vendor’s lien upon the petition of the relators, Mr. and Mrs. Nick Parta, wherein they alleged that the note described in the mortgage, though paid in full, had been either lost or destroyed.
 

 Since the Recorder of Mortgages is liable for damages for the cancellation of a mortgage without proper evidence of the payment or cancellation of .the note or other evidence of debt for which it was given as security should the note later turn out to be in the hands of a bona fide holder in good faith, he is clearly within his right in exacting the posting of an indemnity bond when the one seeking such cancellation fails to produce the note or other obligation. It is only when the recorder is satisfied that the note or other obligation secured by the mortgage sought to be can-celled cannot possibly find its way into the hands of third persons before maturity and in good faith, that is, when these are shown to have been destroyed or lost by the maker after their return to him by the record owner following due payment thereof in accordance with their tenor, that he need
 
 *969
 
 not demand the posting of such an indemnity bond. See, Rodd v. Recorder of Mortgages, 133 La. 301, 62 So. 933; Lacoste v. Hickey, 203 La. 794, 14 So.2d 639.
 

 In the instant case the recorder only appeared in the case during the trial to request verbally through his attorney that an indemnity bond be posted for his protection against the possibility that the note ■which this mortgage secured might be in the hands of innocent third parties when it appeared that the note, in the amount of $2,100, was issued on December 3, 1942, according to the mortgage and could have been paid at the rate of $17 a month and the testimony adduced on the trial, contrary to the basic allegation of the petition that the note had been lost or destroyed, tended to prove that the note had never, in fact, been issued. This request was denied by the trial judge in ordering the cancellation of the mortgage, he being of the opinion that the recorder would be taking no chance in cancelling the mortgage.
 

 Under the peculiar facts here, we do not feel that the trial judge was justified in ordering the cancellation of this mortgage without exacting the. indemnity bond sought from the relators by the recorder. While we have no doubt the trial judge’s appraisal of the honesty and integrity of the attorney and notary before whom this act of mortgage was passed (and who testified to the effect that he had never issued the note as stipulated in the mortgage) is correct, we feel that for us to compel the recorder to cancel the mortgage in this case without adequate security might set a precedent that, in the future, could be availed of by individuals who do not measure up to the high standards attributed to the attorney here.
 

 For the reasons assigned, the judgment appealed from is annulled and set aside and the case is ordered dismissed.
 

 O’NIELL, C. J., absent.