GLADNEY, Judge.
In this proceeding relator, Vallery Phar-is, seeks a writ of mandamus ordering the respondent, P. M. Dyer, Jr., Clerk of Court and Ex Officio Recorder of Mortgages, of Rapides Parish, to cancel and erase a chattel mortgage executed by relator. Following a trial and hearing judgment was rendered decreeing that the rule be made absolute and respondent was directed to cancel and erase the subject chattel mortgage. From this decree respondent has appealed.
On August 11, 1958, Pharis, who had purchased from E. S. Voelker Company, Inc. certain farm equipment, executed an act of chattel mortgage for the purpose of securing a debt of $660 payable in three annual installments. The instrument was by private act, duly acknowledged before a Notary Public, and in due course was inscribed in Chattel Mortgage Book 108, Folio 265 of the records of said parish. The act of chattel mortgage purports to have been executed in duplicate originals. No note was executed by Pharis as evidence of the indebtedness secured by the mortgage. The instrument further shows the E. S. Voelker Company, Inc. assigned the indebtedness evidenced in the mortgage to the John Deere Plow Company of St. Louis.
The petitioner alleges that having paid and satisfied the debt secured by said mortgage, he presented to the respondent, recorder of mortgages, the duplicate original of the chattel mortgage bearing upon its face a notation executed by the John Deere Plow Company of St. Louis, that the amount due had been paid in full and at the same time he presented a written request from the John Deere Plow Company of St. Louis, requesting cancellation of said mortgage. He avers that the respondent refused to cancel and erase the mortgage.
The respondent, Clerk of Court and Ex-Officio Recorder of Mortgages, answered relator’s petition and admitted substantially all of the facts as alleged. His reason for refusing the request for cancellation rests on the following grounds set forth in his answer to the rule:
"* * * by reason of the fact that no note was executed by plaintiff evidencing the indebtedness as described in said chattel mortgage, and that the only request for cancellation presented to your respondent was a copy of said mortgage marked paid, and the request for cancellation which was attached to plaintiff’s petition, which your respondent avers is not sufficient under the law, and that it has been the custom of his office to refuse to cancel mortgages unless and until there was presented to him a note or separate instrument evidencing the indebtedness secured thereby marked paid.”
In each of the parishes of this state, the Parish of Orleans excepted, the duties assigned to the custodian of mortgage records of the parish rests with the office of the clerk of court who is ex-officio the recorder of mortgages, and as such he is charged with the responsibility of properly recording and canceling mortgages. It is his duty to cancel a note upon proof of the payment or extinction of the principal indebtedness for which the mortgage was security. The faithful performance of these duties has been considered so very important the State Legislature requires of the clerk the posting of a surety bond for the indemnity of those injured by an unfaithful performance of the duties of the office. Thus, the officer is liable under his bond for the improper cancellation of a mortgage without adequate evidence.
The appellate courts of this state have repeatedly recognized the recorder’s right to refuse to inscribe or to erase a mortgage without sufficient evidence where *150 the applicant cannot furnish security. Thus, in State ex rel. Hope v. Hickey, 1948, 213 La. 966, 36 So.2d 5, 2 A.L.R.2d 1062, the Recorder of Mortgages for the Parish of Orleans appealed from a judgment ordering him to cancel and erase from his records a certain mortgage and vendor’s lien. The Supreme Court in reversing the judgment, observed:
“It is only when the recorder is satisfied that the note or other obligation secured by the mortgage sought to be cancelled cannot possibly find its way into the hands of third persons before maturity and in good faith, that is, when these are shown to have been destroyed or lost by the maker after their return to him by the record owner following due payment thereof in accordance with their tenor, that he need not demand the posting of such an indemnity bond. See, Rodd v. Recorder of Mortgages, 133 La. 301, 62 So. 933; Lacoste v. Hickey, 203 La. 794, 14 So.2d 639.”
***** *
“Under the peculiar facts here, we do not feel that the trial judge was justified in ordering the cancellation of this mortgage without exacting the indemnity bond sought from the rela-tors by the recorder. While we have no doubt the trial judge’s appraisal of the honesty and integrity of the attorney and notary before whom this act of mortgage was passed (and who testified to the effect that he had never issued the note as stipulated in the mortgage) is correct, we feel that for us to compel the recorder to cancel the mortgage in this case without adequate security might set a precedent that, in the future, could be availed of by individuals who do not measure up to the high standards attributed to the attorney here.”
The LSA-Civil Code, Title XXII, entitled “Of Mortgages”, sets out in Chapter 2, Section 1 (Articles 3342-3370) the mode and effect of recording mortgages, and Section 2 of the same chapter (Articles 3371-3375), relates to the erasure of mortgages. The articles above referred to provide for the performance of legal formalities as to the inscription and erasure of mortgages: (a) Where the mortgage is by authentic act; (b) Where the mortgage is under private act, duly acknowledged; and (c) Where the debt secured by mortgage is evidenced by a note. In the case at bar we are not especially concerned with Codal articles pertaining to (a) and (c) for herein the subject chattel mortgage was executed by private act duly acknowledged and the indebtedness secured thereby was not evidenced by a promissory note. The italicised words are worthy of emphasis for the reason that Article 3373 of the LSA-Civil Code provides the erasure of a mortgage shall be made on a presentation of the acts, receipts and judgments which operate a release of the mortgages and privileges to be erased, in the same manner as directed for their inscription. The mode of inscription of an act under private signature bearing a mortgage is prescribed by LSA-Civil Code, Article 3367:
“If it be an act under private signature bearing a mortgage, the creditor can only have it registered when it has been acknowledged by the mortgagor, or proved by the oath of one of the subscribing witnesses, unless the register be acquainted with the signature of the parties, and shall agree, on his own responsibility, to make the inscription, on the original act being presented to him.”
Also pertinent is Codal Article 3375, which reads:
“If the release has been given by an act under private signature, the erasure shall only take place when it has been acknowledged by the mortgagor, or proved by the oath of one of the subscribing witnesses, unless the register be acquainted with the signature of the party who has subscribed the act, *151 and shall agree, on his own responsibility, to make the erasure on the presentation of the original.”
The effect of the foregoing articles, as we see it, is that a recorder of mortgages where he is presented with private acts, receipts or judgments as evidence for the cancellation of a mortgage, may require the signatures attesting the authenticity of such evidence be duly acknowledged, unless he is already familiar with the signature, and knows the authority of the person requesting the cancellation.
The chattel mortgage which relator seeks to erase declares on the face of the .instrument that it is executed in duplicate originals. The act of sale and mortgage, as executed by the parties, appears on one side of a single sheet of paper. On the reverse of this sheet is the acknowledgment of an attesting witness and below this is an act of assignment by E. S. Voelker Company, Inc. to John Deere Plow Company. The signature of the assignor is not witnessed, nor is it officially acknowledged. There is no written acceptance of the assignment by the assignee, nor does the signature of the John Deere Plow Company appear on the instrument other than as hereinafter mentioned.
The cancellation of the mortgage is sought on the authority of the creditor—the assignee of the mortgage. For the purpose of obtaining cancellation of the mortgage inscription the face of the duplicate original of the mortgage has been stamped with a rubber stamp bearing the printed words: ■“Paid Aug. 19, 1958, John Deere Plow Company, Little Rock, Arkansas”. Written across the stamped inscription is the signature of W. A. Crowdis. The duplicate of the mortgage was submitted to respondent as also was a printed form entitled “Request for Cancellation of Chattel Mortgage”, and which recites the payment of the obligation, and in part states : “This is your authority to cancel and erase from your records the attached chattel mortgage, 4= * * ”, which document purports to be signed by “The John Deere Plow Company of St. Louis, by W. A. Crowdis, Collection Manager, Credit Department. Agent.” It is observed that the signature of Crowdis is not acknowledged nor other wise authenticated and in view of respondent’s answer, we feel sure the recorder cannot be familiar with the authority of and the genuine signature of the person who signs himself as the Collection Manager of the John Deere Plow Company of St. Louis. We, are, therefore, of the opinion that the recorder of mortgages should be entitled to have this information proven to his satisfaction, for if he acted without obtaining it, he would do so at his peril.
It is our conclusion the respondent has the right of either requesting security for protection or to refuse to erase the mortgage.
For the reasons assigned, the judgment appealed from is annulled and set aside and the case is ordered dismissed at relator’s costs.