MARVIN, Judge.
In a mandamus action, the lower court required plaintiffs to post $10,000 security as a prerequisite to ordering the defendant, as Recorder of Mortgages, to cancel the inscription of $10,000 collateral real estate mortgage executed by plaintiffs to the order of Future Holder.
Plaintiffs complain that the lower court erred in imposing an “unreasonable” requirement on plaintiffs because sworn affidavits and testimony clearly showed the mortgage note had been marked paid by the original holder and was thereafter lost or misplaced and that in the event the note did fall into the hands of another holder, such a holder would not be a holder in due course because his holding would have arisen after the date of execution of the note.
Under similar circumstances, the inscription of a collateral mortgage was ordered canceled without requiring security when evidence was presented to show the note had been marked paid and was thereafter lost or misplaced by the nominal payee. A pledgee of the mortgage note, however, succeeded in having the mortgage declared valid and enforceable against a defendant *1092 who purchased the property after the inscription of the mortgage had been canceled. See National Acceptance Company of America v. Wallace, 194 So.2d 194 (La. App. 2d Cir. 1967). See also State v. Hickey, 213 La. 966, 36 So.2d 5 (1948).
In Hickey, supra, it was observed that the .Recorder of Mortgages may be liable in damages for his cancellation of a mortgage where the mortgage note is not presented for payment in accordance with L.R.S. 9:5167. The court noted that security need not be demanded where it is shown either that the note has been destroyed or that the note has been lost by the maker after it has been marked paid by the record owner and returned to the maker. Here the lower court did not find that the original holder marked the note paid and returned it to the maker. At best, the evidence shows that the note was lost or misplaced while actually or constructively in the hands of the original holder.
Likewise, where a mortgage note is for a true collateral purpose and is negotiable on its face, the mere return of the note to the maker does not cancel the effect of the inscription of the collateral mortgage or destroy the note’s future negotiability. See Hammond State Bank & Trust Co. v. Broderick, 179 La. 693, 154 So. 739 (1934); Nathan and Marshall, “The Collateral Mortgage,” 33 La. Law Review 497; Levy v. Ford, 41 La.Ann. 873, 6 So. 671 (1889).
We find no error in the Recorder of Mortgages demanding, or in the lower court requiring, the plaintiffs to post security as a prerequisite to ordering cancellation of the mortgage inscription under the circumstances presented.
At appellants’ cost, judgment is
AFFIRMED.