[35] *CHARLES MINTURN, APPELLANT, v. L. W. FISHER, RESPONDENT.

NEGOTIABLE INSTRUMENTS, CHECKS. — Modern decisions have placed ordinary checks, *i. e.*, payable at sight, and bills of exchange on the same footing, excepting the differences which may arise from the custom of merchants.

IDEM.—Sight checks are sight bills, and, by our statute, are not entitled to grace. But an order, in the nature of a check, payable at a future day, is an inland bill of exchange, and the drawer is entitled to three days' grace, and notice of non-payment. In such a case, presentation before the last day of grace, and the immediate commencement of suit, on the day of demand and non-payment, are premature.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff, on the 15th day of June, 1853, filed his complaint in the Superior Court of the City of San Francisco, against the defendant, to recover the sum of $3,890 18, with interest and costs of suit, on the instrument set forth in the opinion of the Court, averring that, on said day, the said instrument was duly presented by him to the drawer, and payment demanded; that payment was refused by the drawee, and that said instrument was then and there duly protested for non-payment; also, that the said sum is now due from said defendant to said plaintiff.

The defendant answered, denying every allegation of the complaint. After a trial by the Court, and a finding of the facts, as alleged by plaintiff, judgment was entered for defendant, on the ground that the instrument was an inland bill of exchange, entitled to grace, and not due until the 18th day of June, 1853, and that, therefore, its presentment, and the commencement of this action, on the 15th day of June, 1853, were premature.

Plaintiff appealed from the judgment of the Court.

*E. Cooke*, for Appellant.

The suit was properly commenced on the day the check was payable, as it was not presented until about the close of

business hours.    (1 Pick. 405; 3 Ib. 414; 9 Ib. 420; 19 Ib. 117; 2 Wheat. 376; 19 Vesey Jr. 216, and note.

*Post notes, issued by a bank (a check being [36] nothing but a post note), are payable on demand, made, at any time, on the last day of grace, after the opening of the bank, and may be put in suit on that day, if payment is refused.    (1 Met. 43, 49; 2 Hill, 635.)    Although a check, drawn on a banker, partakes somewhat of the nature of a bill of exchange, it is not entitled to grace.  · (2 Story Rep. 502.)

*Wells, Haight & Gary,* for Respondent.

1st.    The instrument sued on, is a bill of exchange, entitled to grace, and, therefore, not due until three days after the suit was commenced.    (Stat. of California, 1851, p. 523; 21 Wend. 374; 25 Ib. 673: 4 Yerg. 216.)    The only opposing authority is 2 Story R. 519, 522.

2d,    Whether it is a bill of exchange or not, the judgment is right, as the suit was prematurely commenced, on the same day it was payable.    (3 Wend. 171; 6 Watts & S. 182; 2 Porter, 286, cited in 3 U. S. Digest, p. 292, § 880; 8 Cow. 203.)    The authorities cited by appellant, authorizing the commencement of suit on the day commercial paper matures, are all cases where such day was the last day of grace.    (See 1 Met. 47.)

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

The plaintiff commenced his suit in the Court below upon the following instrument, which he declared on as a check:

" SAN FRANCISCO, June 9th, 1853.
"Messrs. Page, Bacon & Co., Bankers—

"Pay to Charles Minturn, on the fifteenth (15th) inst., or order, thirty-eight hundred and ninety 18-100 dollars.

$3,890 18-100.        (Signed)          L. W. FISHER."

. The evidence shows that the instrument was presented for payment on the 15th of June, at the banking house of Messrs. Page, Bacon & Co.; that payment was refused, and that the same was protested, and notice of non-payment given to the drawer, and that suit was commenced upon it on the same day.

[37]          The decision of this case must turn upon the character of the *instrument, whether it be considered as an ordinary check, payable on presentation, or an inland bill of exchange, and entitled to three days' grace. There is little or no difference between checks, so called, and bills of exchange, except so far as that difference may arise from the custom of merchants, or the statute regulation of the particular jurisdiction in which they are used. They are similar in form, and the modern decisions of the Courts have placed them upon the same footing. (See *Harker* v. *Anderson*, 21 Wend. 372, and the cases there cited.)

The instrument in question has all the attributes of a bill of exchange, and differs from an ordinary check, which is generally drawn payable at sight, and raises the supposition that the drawer has the. amount of money in the hands of the drawee, which becomes at once appropriated for its payment. Checks of this kind are sight bills, within the meaning of the authorities cited (in *Harker* v. *Anderson*), and, under our statute, are not entitled to grace; but the instrument declared upon in this case, being an order to pay at a future day, is an inland bill of exchange. (See *Brown* v, *Lusk*, 4 Yerg. 210) and the drawer entitled to three days' grace and notice of non-payment. From this it follows, that the presentation, and, consequently, the commencement of the action, were premature.

Judgment affirmed.