Filed 9/28/15  Kalicki v. E*Trade Bank CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JAN KALICKI et al., | D066236 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2013-00039651-CU-BC-NC) |
| E*TRADE BANK, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Reversed and remanded with directions.

Ghods Law Firm, Lex Opus, Mohammed K. Ghods, Erick M. Schiffer and William A. Stahr for Plaintiffs and Appellants.

Parker Ibrahim & Berg, John M. Sorich and Jenny L. Merris for Defendant and Respondent.

Jan Kalicki and Rosalind Jones Kalicki (together the Kalickis) appeal from an order sustaining the demurrer of E*Trade Bank (E*Trade) without leave to amend.  The Kalickis contend the trial court erred because they pleaded legally

1

sufficient claims for declaratory relief, quiet title, slander of title, fraud, wrongful foreclosure, trespass and violation of the Unfair Competition Law (UCL) set forth in West's annotated Business and Professions Code section 17200 et seq. We agree as to the claims for wrongful foreclosure, trespass and violation of the UCL and reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Because the challenged ruling arises in the context of a demurrer, we accept as true the material factual allegations of the second amended complaint. (*Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 806.) We also accept as true all matters properly subject to judicial notice (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318), but do not accept "contentions, deductions, or conclusions of fact or law." (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) The operative second amended complaint alleges the following facts:

The Kalickis own a home in San Marcos, California (the property). In August 1998, they obtained a residential loan in the amount of $375,000.00 (the loan) from Headlands Mortgage Company (Headlands) secured by a promissory note (the note) and deed of trust (the deed). The loan was then assigned to others, including JPMorgan Chase Bank, N.A. (Chase). E*Trade currently claims it is the assignee of the note and deed. At other times, however, E*Trade has denied owning the loan and claimed it had no information about the loan.

In 2008, the property was wrongfully sold at a foreclosure sale, but the sale was later rescinded by the foreclosure trustee. In September 2009, the Kalickis

2

filed a prior action on the loan entitled *Kalicki et al. v. Washington Mutual Bank et al.*, San Diego County Superior Court Case No. 37-2009-00059032 (the prior action). They claim they are entitled to a declaration that any judicial action on the loan is barred by the applicable statute of limitations and California's one-action rule. Even assuming any rights on the loan currently exist, at the deposition of an E*Trade representative, E*Trade failed to produce any evidence showing it is the current owner or beneficiary of the loan. The Kalickis claim E*Trade is fraudulently holding itself out to be the owner of the loan.

To the extent any rights on the loan currently exist, the Kalickis contend these rights are not held by E*Trade. They also claim they are entitled to a declaration quieting title to the property and are ready, willing and able to tender the amounts due under the loan to its rightful owner. In the alternative, if E*Trade should somehow prove it is the owner of the loan, they allege E*Trade is legally responsible for damages caused by the slander of Kalickis' title committed by E*Trade's agents, such as Chase, as well as other torts, such as wrongful foreclosure and trespass.

## DISCUSSION

### I. *Standard of Review*

We review the complaint de novo (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879), with appellants bearing the burden of proving that the trial court erred in sustaining the demurrer (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1038). We liberally construe

3

a complaint "with a view to substantial justice between the parties." (Code Civ. Proc., § 452.) If the complaint states any possible legal theory, the trial court's order sustaining the demurrer must be reversed. (*Palestini v. General Dynamics Corp.* (2002) 99 Cal.App.4th 80, 86.) Also, "if there is a reasonable possibility the defect in the complaint could be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459.) Whether a plaintiff will be able to prove its allegations is not relevant. (*Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496.)

## II. *Analysis*

### A. Declaratory Relief

Declaratory relief is available to resolve an "actual controversy" about a party's rights and obligations under a deed or contract. (Code Civ. Proc., § 1060.) "Unlike coercive relief (such as damages, specific performance, or an injunction) in which a party is ordered by the court to do or to refrain from doing something, a declaratory judgment merely declares the legal relationship between the parties. Under the provisions of the [Declaratory Judgment] Act, a declaratory judgment action may be brought to establish rights once a conflict has arisen, or a party may request declaratory relief as a prophylactic measure before a breach occurs." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 898.) A demurrer is the proper manner in which to challenge a claim for declaratory relief. (*General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 471.)

4

The Kalickis' declaratory relief claim alleges a dispute exists regarding whether E*Trade is the assignee of the note and deed, and thus whether E*Trade is entitled to pursue any judicial or nonjudicial remedies regarding the loan. The Kalickis claim they are entitled to a judicial determination (1) regarding the rights, duties and obligations of the parties with respect to the loan and (2) that any action on the loan is barred by California's one-action rule.

The trial court concluded that *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*) does not compel overruling the demurrer and was persuaded that *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 (*Jenkins*) applied. Following *Jenkins*, the trial court concluded the claim for declaratory relief and all other causes of action alleged by the Kalickis were fatally defective. Accordingly, the parties debate whether *Glaski* or *Jenkins* applies. Briefly, appellate courts are divided about whether a borrower has standing to challenge a foreclosure when the borrower is not the party aggrieved by the lender's improper assignment or securitization of a deed of trust. (Compare *Jenkins*, *supra*, at pp. 514-515 [borrower lacks standing to challenge lender's transfer of note because borrower is not aggrieved by the lender's subsequent ineffective assignment] with *Glaski*, *supra*, at pp. 1094-1096 [if assignment of note and deed of trust is void at inception, borrower has standing to assert wrongful foreclosure claim based on trustee's failure to adhere to statutory requirements for foreclosure sale].) The Supreme Court will be deciding whether, in an action for wrongful foreclosure on a deed of trust securing a home loan, a borrower has standing to

challenge an assignment of the note and deed of trust on the basis of defects allegedly making the assignment void. (See *Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, review granted Aug. 27, 2014, S218973; *Keshtgar v. U.S. Bank, N.A.* (2014) 226 Cal.App.4th 1201, review granted Oct. 1, 2014, S220012 [grant and hold for *Yvanova* ]; *Mendoza v. JPMorgan Chase, N.A.* (2014) 228 Cal.App.4th 1020, review granted Nov. 12, 2014, S220675 [same].) As we shall explain, the rule as stated in *Jenkins* is better reasoned.

A comprehensive statutory framework exists for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.) The nonjudicial foreclosure scheme authorizes the "trustee, mortgagee, or beneficiary, *or any of their authorized agents*" to record a notice of default and election to sell upon the trustor-debtors default on the secured debt. (Civ. Code, § 2924, subd. (a)(1), italics added.) Nothing in the nonjudicial foreclosure scheme precludes foreclosure when the foreclosing party does not possess the original promissory note. (*Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440.) Generally, "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." (*Jenkins*, *supra*, 216 Cal.App.4th at p. 511.)

In a nutshell, the Kalickis claim they require a judicial declaration as to the holder of their note in order to pay off the note and obtain clear title. Not so. A

6

note is a negotiable instrument that can be transferred without notice to the borrower and upon such a transfer, the borrower's obligations under the note do not change. (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507.) The Kalickis' deed specifically provides that the note may be transferred at any time without providing notice of the transfer to the Kalickis. The deed also provides that the loan servicer is authorized to collect monthly payments under the loan. The Kalickis conceded in the prior action and during oral argument that Chase is the servicer of the loan. Accordingly, whether E*Trade presently holds their note is irrelevant to their obligations under the note and deed.

Moreover, when an obligation secured by a deed of trust has been satisfied, the Kalickis, as the trustors, are entitled to a full reconveyance of the property. (Civ. Code, § 2941, subd. (b); *Huckell v. Matranga* (1979) 99 Cal.App.3d 471, 476.) If the original promissory note has been lost, means exist to address this contingency. (See *Huckell v. Matranga*, *supra*, at pp. 479-480.) Additionally, a procedure exists by which a borrower may obtain reconveyance of a deed of trust when the obligation secured by the deed of trust has been paid and the lender cannot be located or refuses to request the trustee to reconvey. (Civ. Code, § 2941.7.) Finally, a beneficiary or trustee, or assignee thereof, who violates the statute requiring execution and recordation of reconveyance of property covered by a deed of trust is liable to the trustor or mortgagor, or the owner of the land, or that person's grantees or heirs, for all damages which that person may sustain by reason of the violation. In addition, the violator must forfeit to that person a specified sum

7

of money. (Civ. Code, § 2941, subd. (d).) Accordingly, that part of the declaratory relief claim seeking to know the holder of the note lacks merit as the Kalickis cannot show the existence of an actual, present controversy between themselves and E*Trade.

The Kalickis also seek a declaration that E*Trade is barred by the operation of Code of Civil Procedure section 726 (section 726) from exercising any judicial remedies based on the prior action on the loan. The section 726 "one-action rule" provides there can only be one action for the recovery of debt or enforcement of a right secured by a mortgage on a real property or estate. The one-action rule protects debtors from multiple collection actions by providing a secured creditor can bring only one lawsuit to enforce its security interest and collect its debt. (*Kinsmith Financial Corp. v. Gilroy* (2003) 105 Cal.App.4th 447, 453-454.) A trustee sale is not an action within the meaning of section 726. (See Bernhardt et al., Cal. Mortgages, Deeds of Trust, and Foreclosure Litigation (Cont.Ed.Bar 4th ed. 2015) § 4.17, p. 4-12.)

Here, the Kalickis filed the prior action, not the purported creditor. Because the prior action was not for the recovery of any debt or the enforcement of any right secured by the deed, the one-action rule does not apply. Thus, that part of the declaratory relief claim seeking a declaration that E*Trade is barred by the operation of section 726 from exercising any judicial remedies based on the prior action on the loan does not state an actual controversy for which declaratory relief

8

is available.  Because the Kalickis did not allege a valid claim for declaratory relief as a matter of law, the trial court properly sustained the demurrer.

B.  Quiet Title

The Kalickis alleged that E\*Trade does not own the loan and they are entitled to a declaration quieting title to the property against all adverse claims of E\*Trade.  The Kalickis assert they are "ready, willing, and able to tender the amounts due under the Loan to its rightful [o]wner."  This claim stands or falls with the declaratory relief claim as it is another means of obtaining a declaration regarding the true owner of the loan.  (*Caira v. Offner* (2005) 126 Cal.App.4th 12, 24 ["An action to quiet title is akin to an action for declaratory relief in that the plaintiff seeks a judgment declaring his rights in relation to a piece of property."].)

Code of Civil Procedure section 761.020 sets forth the elements for a quiet title action.  A quiet title action is equitable in nature.  (*Caira v. Offner*, *supra*, 126 Cal.App.4th at p. 25.)  Accordingly, it is well settled that a mortgagor cannot clear title without satisfying the debt.  (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649; *Aguilar v. Bocci* (1974) 39 Cal.App.3d 475, 478.)  The tender requirement is "based upon the equitable principle that he who seeks equity must do equity.  [A] court of equity will not aid a person in avoiding the payment of his or her debts." (*Mix v. Sodd* (1981) 126 Cal.App.3d 386, 390.)

Here, the Kalickis know who to pay to clear their debt—the loan servicer. The trial court properly sustained the demurrer to the quiet title claim because the Kalickis provided no justification for failing to cure their default before invoking

9

the court's equitable jurisdiction to quiet title.  Should the Kalickis discharge their debt, they may seek leave of court to amend their complaint to allege a quiet title claim.

C.  Slander of Title

The Kalickis allege that if E*Trade should prove it is the owner of the loan, then E*Trade is legally responsible for the slander of their title by its agents for recording a number of false documents which disparaged their title.  E*Trade asserts the trial court properly sustained its demurrer because this claim is (1) time-barred, (2) the documents were removed from title before the underlying action was filed, and (3) the recording of the documents was privileged.  We agree with the latter argument.

To state a cause of action for slander of title, a plaintiff must allege: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss."  (*Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1051.)  The "mailing, publication, and delivery of notices" required as part of the nonjudicial foreclosure process is protected by the qualified privilege set forth in Civil Code section 47, subdivision (c)(1).  (Civ. Code, § 2924, subd. (d)(1).)  To overcome this privilege, a plaintiff must allege facts showing the recording was done with malice, motivated by hatred or ill will, or without reasonable grounds for belief in the truth of the publication.  (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 336.)  While a privilege is generally pleaded as an affirmative defense in the answer, where the

10

complaint discloses the existence of a qualified privilege, it must allege malice to state a cause of action. (*Cameron v. Wernick* (1967) 251 Cal.App.2d 890, 894-895.) "Mere allegations of malice are not sufficient [citations]; actual facts must be alleged, unless they are apparent from the statement itself." (*Tschirky v. Superior Court* (1981) 124 Cal.App.3d 534, 538-539.)

The Kalickis based their slander of title claim on the preparation and recording of an allegedly false notice of default, notice of sale, trustee's deed upon sale and assignment of deed. Assuming E*Trade was involved in the recording process, the Kalickis have not alleged any facts to overcome the privilege. Accordingly, their slander of title claim fails.

Finally, counsel for the Kalickis represented during oral argument that the slander of title claim was based on E*Trade's allegedly false declaration that it owned the loan. This allegation is not contained in the complaint and we deem the statement to be an offer as to how the complaint could be amended to state a valid claim for slander of title. (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468 [appellant bears the burden of showing there is a reasonable possibility pleading defects may be cured by amendment and may meet this burden on appeal].)

To be actionable, the disparaging statement must be relied upon by a third party. (*Appel v. Burman* (1984) 159 Cal.App.3d 1209, 1214.) Counsel's statements did not show a third party relied on the declaration claiming ownership of the loan. In any event, even assuming the falsity of the declaration and third party reliance,

11

the declaration created no new encumbrance on the property as the Kalickis' own allegations show they owe someone under the note and deed.  This is not a situation where multiple parties claim ownership of the loan.  The fact E*Trade, rather than another entity owns the loan does not cast doubt on the Kalickis interest in the property.  (See *Jenkins*, *supra*, 216 Cal.App.4th at p. 515.)  Accordingly, the Kalickis have failed to show how the complaint might be amended to state a valid claim for slander of title.

D.  Fraud

"The essential allegations of a cause of action for deceit are representation, falsity, knowledge of falsity, intent to deceive, and reliance and resulting damage (causation)."  (*Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1614.)  Fraud must be pled with particularity, meaning pleading facts showing how, when, where, to whom, and by what means the representations were tendered.  (*Ibid.*)  Where a fraud claim is made against a corporate employer, the plaintiff must also allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.  (*Ibid.*)  Every element of a fraud cause of action must be specifically pleaded.  (*Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1816.)  The purpose of the specificity requirement is to (1) give defendant sufficient notice of the charges and (2) permit a court to weed out meritless fraud claims.  (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 793.)

12

Here, the Kalickis alleged that on June 21, 2012, E*Trade's managing agent, Benton, falsely represented to them that E*Trade was the owner of the loan. They further allege E*Trade was aware of the falsity of its statement and made the misrepresentation with the intent to defraud or with reckless disregard for the truth. At a deposition on July 30, 2013, E*Trade was requested to, but failed to produce any documents establishing it is the current owner and beneficiary of the loan, and despite repeated requests for evidence of ownership, E*Trade continues to assert its ownership without justification.

The Kalickis have alleged facts showing how, when, where and to whom the alleged false representation was made. Although the Kalickis did not allege by what means the representations were tendered, E*Trade resolved this issue by requesting judicial notice of a copy of Benton's June 21, 2012 declaration, showing she made the representation in writing.

E*Trade asserts fraud is not sufficiently pled as there are no factual allegations demonstrating Benton made any statement with the intent to defraud the Kalickis, the Kalickis detrimentally relied on these specific statements or the detriment suffered. We agree.

Although the Kalickis alleged Benton made the representation intending to defraud them, they alleged no facts supporting this conclusion. The Kalickis' allegation that Benton acted with reckless disregard for the truth is insufficient to state the required intent to defraud. (Compare *Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 173-174 [negligent misrepresentation does not require intent

13

to defraud but only the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true].)

The Kalickis' allegations of reliance and how this reliance caused their damages are also deficient. Merely asserting reliance is insufficient; rather, the plaintiff must allege the specifics of the reliance on the misrepresentation to state a bona fide claim of actual reliance. (*Cadlo v. Owens–Illinois, Inc.* (2004) 125 Cal.App.4th 513, 519.) Additionally, damages must be distinctly alleged and a causal connection with the reliance on the representations must be shown. (*Moncada v. West Coast Quartz Corp.* (2013) 221 Cal.App.4th 768, 800.) Here, the Kalickis alleged that in reliance on E*Trade's claim of ownership, they contacted E*Trade for loan payoff information and loan status and were forced to communicate with and comply with demands made by Chase and E*Trade, such as providing proof of insurance. The Kalickis failed to explain how these alleged acts of reliance caused their alleged damages. Thus, the trial court properly sustained the demurrer to the fraud cause of action.

We are unable to conclude that the trial court abused its discretion in sustaining the demurrer to the fraud cause of action without giving the Kalickis another opportunity to amend this claim. Additionally, the Kalickis have failed to show how the complaint might be amended to state a valid fraud cause of action. Accordingly, they failed to show the trial court abused its discretion in denying leave to amend this claim.

E.  Wrongful Foreclosure

To maintain a wrongful foreclosure claim, a plaintiff "must allege that (1) the defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) the plaintiff suffered prejudice or harm; and (3) the plaintiff tendered the amount of the secured indebtedness or was excused from tendering."  (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062.)

As an alternative claim, the Kalickis allege, to the extent E*Trade establishes it is the actual owner of the loan, E*Trade is legally responsible for the misconduct against them committed by E*Trade's agents.  Namely, E*Trade's agents wrongfully foreclosed on their home without a valid notice of default or notice of sale having been properly issued, served or recorded, during a period when an applicable bankruptcy stay was in effect and promises had been made to them that their home would not be foreclosed upon.  The foreclosure trustee later rescinded the notice of default and the trustee's deed upon sale.  These acts allegedly disrupted the Kalickis' lives and agricultural operations on the property, destroyed their peace of mind, and caused them to suffer annoyance, emotional distress, and mental anguish, as well as other economic and noneconomic damages.  The Kalickis also alleged they are ready, willing and able to tender the amounts due under the loan to its rightful owner.  These allegations are sufficient to state a valid claim for wrongful foreclosure.

15

E*Trade contends the Kalickis' wrongful foreclosure claim fails as a matter of law because the foreclosure sale was rescinded; thus, the Kalickis are in the same position as they were prior to the recordation of the trustee's deed upon sale and they are attempting to remedy an alleged wrong that has already been remedied and any wrongful foreclosure sale is not yet ripe and premature. In support of this assertion, E*Trade cites *Schell v. Southern Cal. Edison Co.* (1988) 204 Cal.App.3d 1039, 1047; *Spencer v. Crocker First Nat. Bank* (1948) 86 Cal.App.2d 397, 402-403; *Industrial Indemnity Co. v. Mazon* (1984) 158 Cal.App.3d 862, 866. While these cases generally address the ripeness of claims, they do not address the situation alleged by the Kalickis. E*Trade cited no authority convincing us that the Kalickis' alternative claim for wrongful foreclosure is improperly pled. Accordingly, the trial court erred in sustaining the demurrer to this claim.

F. Trespass

Trespass is the unauthorized entry onto the land of another. (*Civic Western Corp. v. Zila Industries, Inc.* (1977) 66 Cal.App.3d 1, 16.) The elements are: (1) the plaintiff's lawful possession or right of possession of the property; (2) the defendant's wrongful act of trespass on the property; and (3) damage to the plaintiff proximately caused by the defendant. (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 631, p. 65.)

As an alternative claim, the Kalickis allege, to the extent E*Trade establishes it is the actual owner of the loan, E*Trade is legally responsible for the misconduct against them committed by its agents, that E*Trade, through its agents,

16

trespassed onto and within the boundaries of their home and purported to take over the home in violation of the law and their rights, which caused them damage.

E*Trade argues the Kalickis failed to allege that any employee or agent of E*Trade trespassed onto the property. Not so. The Kalickis alleged that E*Trade, through its agents, committed the trespass. E*Trade also contends the Kalickis failed to set forth any facts demonstrating how the entry on the property, postforeclosure, proximately caused them any damages, that they were in fact evicted from the property or that they sustained any injury personally or to the property as a result of the alleged trespass. E*Trade, however, failed to present any authority to support their contention that such facts must be specifically alleged to state a valid claim for trespass and we reject this unsupported assertion. Whether the Kalickis can prevail on this cause of action cannot be resolved on demurrer.

G. Unfair Competition

The Kalickis' seventh cause of action alleged a violation of the UCL. They generally alleged that all of E*Trade's actions were fraudulent, unlawful, or unfair within the meaning of the UCL. The Kalickis claimed that should the trial court determine that E*Trade does not own the loan, E*Trade should be enjoined from asserting such a position in the future. Alternatively, should E*Trade be found to own the loan, it should be enjoined from initiating foreclosure proceedings or recording any notices regarding the property.

E*Trade demurred to the Kalickis' claim for unfair competition on the ground the Kalickis lacked standing to pursue such a claim as they failed to allege

17

facts as to the money or property they allegedly lost as a result of the purported violation. A private person has standing to sue for a violation of the UCL if the person "has suffered injury in fact and has lost money or property as a result of the unfair competition." (Bus. & Prof. Code, § 17204.) Here, the Kalickis alleged they were damaged by E*Trade's alleged violation of the UCL. At the pleading stage, nothing more is required. (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 327.)

Assuming the Kalickis can properly plead standing, E*Trade next asserts they still failed to set forth any facts establishing E*Trade violated the unfair competition law. To state a claim for a violation of the UCL, a plaintiff must allege the defendant committed a business act or practice that is "fraudulent, unlawful, or unfair." (*Levine v. Blue Shield of California* (2010) 189 Cal.App.4th 1117, 1136.) Here, the Kalickis' UCL claim is based upon the underlying claims asserted in the balance of their complaint. The Kalickis' right to recover on these underlying claims cannot be resolved on demurrer; accordingly, we cannot find their derivative UCL claim fails as a matter of law. (*Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, 1147.)

DISPOSITION

The judgment of dismissal is reversed. The trial court is directed to vacate its order sustaining E*Trade's demurrer to the Kalickis' second amended complaint without leave to amend and to enter a new order (1) sustaining the demurrer to the declaratory relief, slander of title and fraud causes of action without leave to amend; (2) sustaining the demurrer to the quiet title cause of action without prejudice to a future motion seeking leave of court to amend their complaint to add this claim; (3) overruling the balance of the demurrer; and (4) ordering E*Trade to answer the second amended complaint. The Kalickis are entitled to recover their costs of appeal.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

O'ROURKE, J.