Filed 2/10/16  Nuti v. The Law Offices of Les Zieve CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| MICHAEL NUTI et al., | C076334 |
| Plaintiffs and Appellants, | (Super. Ct. No. TCU135398) |
| v. | |
| THE LAW OFFICES OF LES ZIEVE et al., | |
| Defendants and Respondents. | |

After losing their case against the lenders in the trial court and on appeal, plaintiff borrowers' next lawsuit against the trustee that foreclosed on their property was dismissed.  They failed to appeal a second time, and the trustee was awarded attorney fees as the prevailing party.  Plaintiffs Michael, Jill, and Linda Nuti and Casey DeCarlo appeal the award of attorney fees but attempt to relitigate many of the issues resolved by the first appeal.  As to the narrow issue before us, we affirm the trial court's ruling that the trustee is entitled to fees pursuant to the attorney fees provisions of the contract, which include the promissory note and the deed of trust.  (Civ. Code, § 1717.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs obtained a construction loan for $1,540,000 from American Home Mortgage to construct a "spec-home" in Truckee.  The note was secured by a deed of trust naming plaintiffs as "Borrower," American Home Mortgage as "Lender," Alliance

1

Title as "Trustee," and Mortgage Electronic Registration Systems, Inc., as beneficiary and as nominee for the Lender or its successors. Plaintiffs defaulted on the loan in 2008 and filed a complaint against the lenders, among others, in 2010. (*Nuti v. The Royal Bank of Scotland* (Nov. 25, 2014, C074194) [nonpub. opn.] (*Nuti*).)

In the midst of the litigation, the Royal Bank of Scotland substituted the Law Offices of Les Zieve as Trustee and recorded the substitution. Zieve recorded a notice of default in December 2012. Plaintiffs filed a complaint against the Trustee to stop the nonjudicial foreclosure, but the court denied the request for an injunction. The Trustee completed the sale of the property in June 2013. That same month the court granted the Royal Bank of Scotland's motion for summary judgment and imposed sanctions against plaintiffs' attorney. We affirmed. (*Nuti*, *supra*, C074194.)

Plaintiffs' first amended complaint alleges 10 causes of action, all involving the note and the deed of trust. The amendments do not cure the defects the court found in sustaining the initial demurrer. In October 2013 the trial court sustained the Trustee's demurrer without leave to amend and the court entered a judgment of dismissal. Plaintiffs did not appeal the judgment.

The Trustee filed a memorandum of costs and a postjudgment motion for attorney fees of $191,780.50. Plaintiffs did not move to tax costs. The trial court granted the motion for fees but exercised its discretion to award only $84,000 in fees. Plaintiffs appeal the attorney fees award.

**DISCUSSION**

Civil Code section 1717 provides, in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." The Trustee obtained a dismissal of the

2

lawsuit after its demurrer was sustained without leave to amend. Thus, the Trustee was the prevailing party in the lawsuit. The question is whether the Trustee, who was not a signatory to the contract, nevertheless was a party who prevailed "on the contract."

" 'California courts construe the term "on a contract" liberally. [Citation.] The phrase 'action on a contract' includes not only a traditional action for damages for breach of a contract containing an attorney fees clause [citation], but also any other action that 'involves' a contract under which one of the parties would be entitled to recover attorney fees if it prevails in the action [citation]." (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 240.) An action on a contract within the meaning of Civil Code section 1717 can be based on violations of the terms of a promissory note and deed of trust. (*Douglas E. Barnhart, Inc.*, at p. 241; *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 347 (*Kachlon*).) "The deed of trust is an agreement between three parties, to wit, a trustor (usually the debtor), the trustee (a neutral party), and the beneficiary (usually a creditor) [citation]." (*Huckell v. Matranga* (1979) 99 Cal.App.3d 471, 481 (*Huckell*).) Contrary to plaintiffs' argument on appeal, therefore, the Trustee was a party to the contract.

Moreover, it is a general rule that several papers relating to the same subject matter and executed at the same time constitute one contract pursuant to Civil Code section 1642. "Thus a note, mortgage and agreement of sale constitute one contract where they are a part of the same transaction [citation]." (*Huckell*, *supra*, 99 Cal.App.3d at p. 481.) The Trustee therefore was a prevailing party to the dispute "on the contract," to wit, on the promissory note and the deed of trust.

Despite plaintiffs' assertion that "Deeds of Trust do not have attorneys' fee provisions,"[1] both the note and the deed contain various attorney fees provisions.

---

[1] Plaintiffs' argument states in full: "Deeds of Trust do not have attorneys' fee provisions, and ¶9 is not a reciprocal [*sic*] for borrowers [*sic*] attorneys' fee clause [*sic*].

Paragraph 7(E) of the note expressly states: "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." The deed, executed as part of the same sales transaction in which the note was executed, contained language incorporating the note.

The deed itself contains a number of provisions that expressly require the payment of reasonable attorney fees. Paragraph 9 of the deed of trust states, in pertinent part: "**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or fortfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) . . . Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. . . ."

Relying on paragraph 9 as a basis for an attorney fees award, the trial court summarized its meaning this way. The paragraph provides, "[I]n short: if Borrower fails to perform or there is a legal proceeding that might significantly affect Lender's interest

---

No fair minded person, let along [*sic*] judge [*sic*], could paragraph [sic] and find authorization for a ministerial Trustee to consummate a foreclosure sale without the Lender or Borrower, and then allow them to use a breached deed of trust as a Lender in paragraph 9 is if it is an Attorneys Fees clause and not for the protection of the Property he [*sic*] already gave to 3 others in the related case."

and/or rights under the instrument or Borrower has abandoned the property, then Lender may do and pay for whatever is reasonable and appropriate to protect its interest and the actions include paying reasonable attorneys' fees . . . ."

The deed also requires the Borrower to pay the Lender's attorney fees as a loan charge (¶ 14), as a condition of reinstatement (¶ 19), and as a condition of redemption after acceleration (¶ 22). Thus, the attorney fees provision in the deed is not limited to collecting on the note but describes the right to be reimbursed for attorney fees relating to protecting the security or the Lender's interest in the deed of trust.

Plaintiffs insist the Trustee is not entitled to the benefit of any of the attorney fees provisions because he was not a signatory to the note or the deed of trust. Plaintiffs are wrong. "[Civil Code] Section 1717 was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney's fees available for only one party . . . . [¶] Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128.) One court succinctly rebuffed the notion that a nonsignatory could not recover fees under a contractual attorney fees provision. The court simply stated, "[The] status as a nonsignatory is irrelevant." (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111.) Similarly, in *Kachlon*, *supra*, 168 Cal.App.4th 316, the court emphasized the reciprocity demanded by Civil Code section 1717 applies whether or not the prevailing party was specified in the deed of trust (*Kachlon*, at p. 346).

The court's analysis in *Valley Bible Center v. Western Title Ins. Co.* (1983) 138 Cal.App.3d 931 (*Valley Bible Center*) is particularly apt: "Because the trust deed entitles the beneficiary to enforce payment of all obligations of the trustor . . . and conduct a private foreclosure sale . . . , and in each instance to permit the beneficiary to employ counsel, 'it is obvious that in almost all litigated and nonlitigated disputes in

5

which the beneficiary is involved, it can collect attorney's fees from the trustor.' [Citation.] [¶] If respondents, the trustee and beneficiary, had prevailed in the instant action, they could have collected attorney's fees and costs from the trustor. Under Civil Code section 1717, [fn. omitted] what is sauce for the goose is sauce for the gander, and since respondents were entitled to attorney's fees and costs if they had prevailed in the present action, appellant is likewise entitled to attorney's fees and costs." (*Valley Bible Center*, at p. 933.)

Had plaintiffs prevailed in the action they would have been entitled, like the borrowers in *Valley Bible Center*, to attorney fees "on the contract." Here, unlike *Valley Bible Center*, it was the Trustee, not the Borrower or trustor, who prevailed. But as the court concluded in *Valley Bible Center*, "what is sauce for the goose is sauce for the gander," and therefore the court properly awarded fees to the Trustee.

There are many issues plaintiffs did not raise that are waived and others that were resolved in the first appeal. For example, the trial court did not apportion the damages. The court ruled, "No apportionment of attorney's fees is required where the claims for which fees are recoverable are those that have common issues, common operative facts, related legal theories, or require the presentation of virtually identical evidence. See *Reynolds Metals Co. v. Alperson*[, *supra*] 25 Cal.3d [at pp.] 129-130. The court finds that all causes of action set forth in the complaint have the same operative facts and all claims are 'on a contract' sufficiently to trigger the reciprocal fees award under Civil Code section 1717." Plaintiffs do not challenge this ruling on appeal. Nor do plaintiffs challenge the reasonableness of the amount of attorney fees awarded. We have no occasion to address issues plaintiffs have not raised or briefed.

Plaintiffs do spend considerable time and energy attempting to relitigate whether the underlying contract was breached, rendering it void or unenforceable. That issue was resolved in the prior appeal. (*Nuti*, *supra*, C074194.) Nor does the mere fact that plaintiffs alleged the contract was void, breached, or unenforceable mean the action is not

6

"on the contract."  In short, " '[t]he existence of an enforceable agreement is not a prerequisite to an award of attorneys fees under Civil Code section 1717. . . .' [Citation.]"  (*Rosen v. Robert P. Warmington Co.* (1988) 201 Cal.App.3d 939, 942.)

For the first time on appeal, plaintiffs also raise a new third party beneficiary argument based presumably on a misreading of the trial court's ruling.  The court wrote: "Attorney's fees may be awarded when a third-party is effectively considered to be a party to the contract even though it is a nonsignator.  *Pacific Preferred Props. Inc. v. Moss* (1999) 71 Cal.App.4th 1456."  The court's mere reference to a "third party" does not invoke a new and entirely separate theory bequeathing the Trustee status as a third party beneficiary, a theory that was not litigated below and need not be considered for the first time on appeal.

### DISPOSITION

The attorney fees award is affirmed.

          RAYE        , P. J.

We concur:


     HULL     , J.


     ROBIE    , J.